ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

ERIC CHENG (CABN 274118)
AJAY KRISHNAMURTHY (CABN 305533)
ALETHEA M. SARGENT (CABN 288222)
Assistant United States Attorneys

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    eric.cheng@usdoj.gov
    ajay.krishnamurthy@usdoj.gov
    alethea.sargent@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 4:23-cr-00269 JSW |
| Plaintiff, | **JOINT STATUS STATEMENT** |
| v. | |
| MORTEZA AMIRI, ERIC ALLEN ROMBOUGH, and DEVON CHRISTOPHER WENGER, | |
| Defendants. | |

This matter is set for a status conference on September 19, 2023, and the Court has ordered the parties to submit a status report by September 12, 2023. Dkt. 40. The parties hereby respectfully submit this status report.

On August 16, 2023, a federal grand jury returned an indictment charging the Defendants with conspiracy against rights, in violation of 18 U.S.C. § 241, and deprivation of rights under color of law, in violation of 18 U.S.C. § 242. Defendant AMIRI is also charged with one count of destruction, alteration, or falsification of records, in violation of 18 U.S.C. § 1519.

Defendants ROMBOUGH and WENGER are represented in these proceedings by their respective undersigned counsel. Counsel for Defendant AMIRI has not entered a general appearance; the government has been informed that counsel who had specially appeared for him heretofore has determined that a conflict exists, which will prevent their continuing representation of him. The government further understands that Defendant AMIRI is in the process of securing new counsel.

On August 28, 2023, the Court entered a Protective Order as to Defendant ROMBOUGH, and September 7, 2023, the Court entered a Protective Order as to Defendant WENGER. As of September 11, 2023, the United States has processed for export a first tranche of discovery for all defendants except Defendant AMIRI. (Conflicted counsel has requested not to receive discovery on his behalf at this time, and a separate Protective Order will be submitted to the Court once Defendant AMIRI obtains counsel.) The first tranche of discovery includes approximately 5,800 pages for each of Defendants ROMBOUGH and WENGER and will be sent to the defendants later this week. More discovery remains to be produced, and the government will continue to do so on a rolling basis. Because defense counsel will have only received the first tranche of discovery by the time of the upcoming status hearing, it will need time to organize, review, and investigate that discovery before requesting a motions or trial date.

Defendant WENGER requests to waive his personal appearance for the upcoming status hearing. Defendant WENGER resides in Hawaii. Defendant WENGER's counsel will be prepared to discuss potential future dates at the time of any status conference. The government does not object to a waiver of Defendant WENGER's personal appearance for the September 19, 2023, status conference. Should the Court prefer Defendant WENGER to personally appear, Defendant WENGER requests that his appearance be telephonic.

Given the early stage of the case and the government's ongoing efforts to produce complete discovery, at the status conference, the parties will stipulate and agree to set a new status hearing in this case on October 17, 2023, at 1:00 PM or at another date and time convenient to the Court and the parties. The parties stipulate and agree that the time periods between September 19, 2023, and the proposed new status date should be excluded under the Speedy Trial Act calculations. The parties also stipulate and agree that failure to grant the requested continuance would unreasonably deny defense counsel reasonable time necessary for effective preparation, taking into account the exercise of due

diligence. 18 U.S.C. § 3161(h)(7)(B)(iv). Moreover, the government contends that, for Defendant AMIRI, time should be excluded for continuity of counsel. *Id*.

DATED: 9/12/23

Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

_____/s/_____
ERIC CHENG
AJAY KRISHNAMURTHY
ALETHEA SARGENT
Assistant United States Attorneys

_____/s/_____
WILL EDELMAN
Counsel for Defendant ERIC ALLEN ROMBOUGH

_____/s/_____
CANDICE FIELDS
DAVID FISCHER
Counsel for Defendant DEVON CHRISTOPHER WENGER