UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MORTEZA AMIRI,<br><br>Defendant. | Case Nos. 23-cr-00264-JSW-2<br>23-cr-00269-JSW-1<br><br>**NOTICE OF QUESTIONS FOR HEARING** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING NOTICE OF QUESTIONS FOR THE HEARING SCHEDULED ON July 8, 2023, at 2:00 p.m.

The Court has reviewed the parties' briefs and does not wish to hear those arguments repeated at the hearing. If the parties intend to rely on legal authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel by filing those authorities or citations to the record by no later than **Monday, July 8, 2024, at 10:00 a.m.** If the parties submit such additional legal authorities, they are ORDERED to submit the citations (including the pin citations) and attach any new authority cited to their submission, but they are not to include additional argument or briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

The Court reserves issuing a tentative ruling on the motion to suppress, including whether it will hold an evidentiary hearing on the motion. The parties shall be prepared to address the following questions:

1. The Government contends that Defendant conflates "search" and "seizure" restrictions. How do the parties define "seizure" in the context of Defendant's iCloud data, and on

what basis?

2. Does Defendant contend that the February and March 2022 iCloud Warrants limited the scope of law enforcement's search to messages between the owners of the Subject Accounts (Messrs. Harris, Montalvo, Berhan, Amiri, and Prieto)? If yes, what is Defendant's best authority for this position?

3. The Court reads *United States v. Sedaghaty*, 728 F.3d 885, 913 (9th Cir. 2013) to require law enforcement agents to obtain new warrants when they encounter new forms of evidence during an authorized search, which Agent Zoback did here. *See id.* ("Upon failing to find evidence of willfulness in the records . . . that were authorized to be seized, the government should not be able to comb through Seda's computers plucking out new forms of evidence. . ., at least not without obtaining a new warrant.") Why would the successive warrants issued by the Magistrate Judge in this case not cure Defendant's concerns regarding scope of the law enforcement officers' searches and seizures?

4. What is the Government's response to Defendant's position that it must identify the methods or procedures used to comply with the warrants' directives to take "reasonable efforts" to "minimiz[e] exposure or examination of irrelevant . . . files to the extent reasonably practicable"?

5. What is the Government's response to Defendant's position that *United States v. Patane*, 542 U.S. 630 (2004) does not apply to the contents of cell phones?

**IT IS SO ORDERED.**

Dated: July 3, 2024

JEFFREY S. WHITE
United States District Judge