UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

## CRIMINAL MINUTE ORDER

**DATE**: July 8, 2024  **TIME IN COURT**: 1 hour, 39 minutes

**JUDGE**: JEFFREY S. WHITE

**COURTROOM DEPUTY**: Ki'i Kealalio-Puli  **COURT REPORTER**: Stephen Franklin

**CASE NO.**: 23-cr-00264-JSW-2, 3
23-cr-00269-JSW-1

**TITLE**: USA  v.  Morteza Amiri (Present)
Amanda Carmella Theodosy (Excused)

**U.S. ATTORNEY**:
Ajay Krishnamurthy
Alethea Sargent
Eric Cheng

**DEFENSE COUNSEL**:
23-cr-00264-JSW -2
Timothy Crudo – Amiri (via Zoom)
Oliver Hamilton – Amiri
Rachel Suhr – Amiri
Rees Morgan – Amiri

23-cr-00264-JSW-3
Paul Goyette – Theodosy

23-cr-00269-JSW-1
Paul Goyette – Amiri

## PROCEEDINGS

**RESULT OF HEARING**: Motion hearing and Pretrial Conference – HELD.

**Motion Hearing (CR 23-00264-2 / CR 23-00269-1)**

Motion hearing held. Arguments are heard re: Motion to Suppress Evidence Obtained Pursuant to iCloud and iPhone Search Warrants. The Court takes the matter under submission. A written order to follow.

**Pretrial Conference (CR 23-00264-2, 3)**

Pretrial Conference hearing held. The Court directs the parties to review the Court's Guidelines for Trial in Criminal Cases and Criminal Standing Orders before trial.

**DEFENDANTS' MOTIONS IN LIMINE**

No. 1 – Exclude Evidence (206, 230): Granted in Part and Denied in Part
- The Government will not be permitted to introduce evidence of the circumstances of Defendants' departure from the police departments. However, the Government may use the Defendants' employment dates in order to demonstrate the amount of the financial incentives the Defendants were allegedly paid.

No. 2 – Exclude Proposed Expert Testimony (207, 231): Granted in Part and Denied in Part
- The testimony is relevant because it tends to show the Defendants' motives for entering the alleged conspiracy.
- The probative value outweighs the risk of undue prejudice because the Defendants may have been motivated by the potential value of the education incentive over the course of their careers rather than over the discrete period of the time in which Defendants were actually employed.
- The Court finds that expert testimony will aid the jury given the multiple calculations required.
- However, the Government will not be permitted to introduce evidence or testimony regarding co-conspirator evidence until the Government has introduced enough evidence to show that a conspiracy existed and that the scheme included the money relating to the co-conspirators. The Government shall file a pocket brief regarding the co-conspirator evidence at the appropriate time.

No. 3 – Preclude Evidence or Argument Relating to Def. duties as PO. (208, 232): Denied as moot.
- The Government states that it does not intend to argue that the Defendants should be held to a higher standard than a non-officer defendant.
- However, as the Government points out, the Defendants' previous employment as police officers is likely to come up repeatedly at trial. References to the Defendants' job titles will not be excluded.

No. 4 – Exclude Unfairly Prejudicial Language (209) – Granted / Fully Redacted.
- The Court finds that the partial redaction proposed by the Government will not mitigate any undue prejudice, and the full text is of marginal probative value. The text at issue should be fully redacted.

**GOVERNMENT'S MOTIONS IN LIMINE**

No. 1 Admit Statements of Co-Conspirators (212) – Deferred
- The Court will defer ruling on this motion until the Government has marshalled enough evidence, vel non, showing that a rim was formed around the alleged hub-and-spoke conspiracy.
- Once the Government believes that it has laid the proper foundation, it should be ready to file a pocket brief at the appropriate time to allow the defendants to respond and the Court enough time to consider the evidence.
- Before the Court issues a ruling, the Government should not introduce any co-conspirator statements.

No. 2 Admit Relevant, Inextricably Intertwined Evidence, and/or Other Acts of Evidence. (213) – Granted in Part and Denied in Part
- Granted as to evidence of Ms. Theodosy's application to the City of Santa Clara. The application is probative of motive and is not unduly prejudicial.
- Denied as to Amiri's violations of department policy as unduly prejudicial and character evidence, 403 and 404.  These statements may be used for impeachment purposes of Amiri if and only if he testifies.  The parties should also be mindful of the collateral proof rule. (ONLY FOR IMPEACHMENT PURPOSES)

No.3 Admit Business and/or Public Records and Summaries (214) – Granted in Part and Denied in Part
- Granted as to the business and public records.
- Denied as to the summaries, because the Court is not satisfied that the documents are sufficiently voluminous under Rule 1006.  The summaries may be used as demonstratives but will not be admitted as exhibits.

**JURY ISSUES**

The Court will add the United States' proposed question to the questionnaire and Defendant's proposed questions 1 and 2 to the voir dire.

After receiving the survey responses from potential jurors, the parties will need to meet and confer regarding excuses for cause and hardship and provide that information to the Court prior to jury selection.

<u>Peremptory Challenges</u>

The Parties are to exercise their peremptory challenges simultaneously and blind as to the other side's selection until the jury is finalized.  The Defendants may coordinate their peremptory challenges.

Each Defendant shall have 10 peremptory challenges, and the Government shall have 8. Challenges will be exercised out of the presence of the jurors.

Jurors: 12 jurors, 2 alternates

Each side has one additional peremptory challenge which may be used only to remove alternate jurors. Fed. R. Crim. Proc. 24(c)(4)(A). These challenges will be exercised after the parties have exercised their peremptory challenges as to the regular jurors. Counsel will know which jurors are the alternates, but the jurors will not. At the conclusion of testimony, the alternates will be excused from deliberations but will remain on call and subject to the Conduct of the Jury Instruction until the jurors reach a verdict.

The order of challenges and/or excusals is as follows:
        (1) hardship/time
        (2) cause
        (3) peremptory
        (4) *Batson*

<u>Jury Instructions</u>

Proposed preliminary jury instructions have been posted. The last day for objections was last Tuesday, and no party objected.

The Court will post its proposed general jury instructions shortly. That order will include a deadline before trial for the parties to object. The Court will also post its intended jury slide show and give the parties a week to object.

<u>Jury Certification</u>

The Court will provide a written version of the Conduct of the Jury Instruction and a certification agreeing to abide by the instruction to the jurors. No party objects.

**TRIAL SCHEDULE**

Dates: 8/5/2024 – 8/9/2024 and 8/12/2024 – 8/15/2024
Times: Monday, Wednesday, Thursday, and Friday: 8:00 a.m. – 1:30 p.m.
       Tuesday: 8:00 a.m. – 12:15 p.m.

Counsel shall arrive by 7:30 a.m. at the latest to address matters outside the presence of the jury.

Charging Conference is tentatively scheduled for Thursday, 8/8/2024 at 2:00 p.m.

**OPENING STATEMENTS**

DEF: 20 minutes (Amiri) // 20 minutes (Theodosy)
GOVT: 30 minutes

The parties' opening statements should be confined to expected contents of witness testimony. The parties are not to be argumentative or to suggest inferences they would like the jury to make from the evidence.

The Court will require the parties to exchange their opening statement demonstratives by close of business on Thursday, 8/1/2024 at 4:00 p.m. Any objections shall be filed by Friday, 8/2/2024 4:00 p.m.

**EXHIBITS, OBJECTIONS, and WITNESSES**

Exhibits

The parties shall provide the Court with 2 USBs with the Exhibit List and Exhibits at the start of trial.

At the end of each day of trial, the parties will meet with the Courtroom Deputy to confirm which exhibits have been admitted into evidence. At the close of trial, the parties shall prepare a directory of all exhibits that will go to the jury via CAND PC.

The parties should review the Court's website for instructions on electronic jury presentation of evidence and use of CAND PC.

Exhibits will not be shown to the jury until admitted and Court grants request to publish.

Objections

An objection by one Defendant will apply to all Defendants unless otherwise stated.

If a party seeks to introduce evidence potentially excluded by the Court's orders on motions in limine on an alternate theory, the burden will be on the offering party to show why the evidence is admissible.

Witnesses

Witnesses will be excluded, with the exception of the Defendants and the Government's case agent.

The Court exhorts parties to avoid "dead air" and have witnesses prepared to testify even if the witness could not conclude all testimony within time left in trial day.