Paul Q. Goyette (SBN 137250)
Janelle F. Crandell (SBN 224994)
**GOYETTE, RUANO & THOMPSON, INC.**
**A Professional Law Corporation**
2366 Gold Meadow Way, Suite 200
Gold River, CA  95670
Ph: (916) 851-1900
Fax: (916) 851-1995
Email: Janelle@grtlaw.com

Attorneys for Defendant,
MORTEZA AMIRI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MORTEZA AMIRI,<br><br>Defendant. | CASE NO. 4:23-CR-00269-JSW-1<br><br>**MOTION FOR ORDER AUTHORIZING ISSUANCE OF SUBPEONA DUCES TECUM TO ANTIOCH POLICE DEPARTMENT IN ADVANCE OF JURY TRIAL AND [PROPOSED ORDER]** |

Defendant, MORTEZA AMIRI, by and through his attorney of record, Janelle F. Crandell, applies to this Court pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure for the issuance of a subpoena duces tecum to the Antioch Police Department (hereinafter "APD"). The subpoena seeks the complete administrative investigation files of the defendant for the K9 Utilization and Use of Force incidents alleged in Counts Two (2) through Four (4) in the Indictment; to include reports, investigative notes, any and all related correspondence, documentation of findings, conclusions, recommendations and disciplinary actions related to the administrative investigations. See Attachment A.

Rule 17(c) of the Federal Rules of Criminal Procedure establishes the procedure by which parties in a criminal case may compel third parties to produce evidentiary material for use at pre-trial

hearings and/or trial. Rule 17(c) states, in relevant part, that:

> A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

The Supreme Court has discussed the limited use of subpoenas duces tecum as authorized by Rule 17, and particularly those subpoenas which command pre-trial production of documents under previous versions of Rule 17(c). *See United States v. Nixon*, 418 U.S. 683, 697–702 (1974); *Bowman Dairy Co. v. United States*, 341 U.S. 214 (1951). The Court in *Nixon* noted that the "chief innovation" of a subpoena duces tecum "was to expedite the trial by providing a time and place before trial for the inspection of subpoenaed materials." Nixon, 418 U.S. at 698B99 (emphasis in original, citations omitted). Specifically addressing subpoenas requiring production before trial, the Court ruled that the moving party must show:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

Id. at 699–700.

In the instant case, Mr. Amiri is charged with three violations of 18 U.S.C. § 242 (Deprivation of Rights Under Color of Law). This matter is currently scheduled for a jury trial on February 17, 2025 with a defense discovery cut-off date of December 13, 2024.

The government has informed Mr. Amiri that they intend to present at trial, evidence that Mr. Amiri's canine deployment and/or use of force applications were inconsistent with Antioch Police Department policy and were in violation of Antioch Police Department policy.  Specifically, the government has obtained and analyzed Antioch Police Department Use of Force Policy and Antioch Police Department Canine Apprehension Policy.  The government alleges that the evidence will show, Mr. Amiri's deployment of his canine and use of force applications were inconsistent with Antioch Police Department Policy because Mr. Amiri used "more force than reasonably appear[ed] necessary

given the facts and totality of the circumstances known to or perceived by the officer at the time of the event to accomplish a legitimate law enforcement purpose." (Antioch Police Department Policy 300.3).

Mr. Amiri anticipates the government will introduce this evidence to support the allegations that Mr. Amiri, while acting under color of law, willfully deprived an individual of the right, secured and protected by the Constitution and laws of the United States, to be free from the use of unreasonable force by a law enforcement officer. The allegations are the basis for Counts Two (2) through Four (4) in the Indictment. *See* Indictment ¶¶ 90–92. The specific dates of incident are July 24, 2019, and involved Mr. Amiri's deployment of his canine to bite A.A; the incident of December 19, 2019, and involved Mr. Amiri's deployment of his canine to bite R.S.; the incident of August 23, 2020, and involved Mr. Amiri's deployment of his canine to bite D.R. Incidents involving canine deployments have both a K9 Utilization administrative investigation and a use of force administrative investigation.

Mr. Amiri requests authorization to issue a subpoena duces tecum to the APD for Mr. Amiri's complete K9 Utilization and Use of Force administrative investigation files related to the dates of incidents stated above, to include, reports, investigative notes, any and all related correspondence, documentation of findings, conclusions, recommendations and disciplinary actions.

The documents are evidentiary and relevant. The administrative investigation records are expected to show that APD concluded that Mr. Amiri acted in accordance with departmental policies and procedures and APD found that actions taken by Mr. Amiri complied with APD policy. This goes directly to Mr. Amiri's defense to the government's allegations of unreasonable use of force violating APD policy.

The relevant records from the APD are also not otherwise procurable reasonably in advance of trial. Although California Labor Code Section 1198.5(a), provides that every former employee has the right to receive a copy of the personnel records, the statute provides the employer with a (30)

thirty-day time period to make the personnel records available to the employee. With the jury trial being set for February 17, 2025, and a defense discovery cut-off date of December 13, 2024, Mr. Amiri would not receive his personnel records reasonably in advance.

Mr. Amiri requires these records in order to properly prepare for arguments and present his defense to the government's allegations in Counts Two (2) through Four (4) of the Indictment.

Lastly, Mr. Amiri makes this application in good faith to seek materials that are relevant in presenting Mr. Amiri's defense to the government's allegations of unreasonable use of force by a law enforcement officer.

Accordingly, the Nixon requirements are met, and therefore, issuance of this subpoena is appropriate. For the reasons stated above, Mr. Amiri requests the Court order that Mr. Amiri's counsel may issue the requested subpoenas duces tecum.

Dated: November 25, 2024                    Respectfully Submitted,

**GOYETTE, RUANO & THOMPSON, INC.**
**A Professional Corporation**

By:_____
JANELLE F. CRANDELL
Attorney for Defendant,
MORTEZA AMIRI

**[PROPOSED] ORDER**

Upon the motion of Defendant Morteza Amiri, and good cause appearing, **IT IS HEREBY ORDERED THAT** Antioch Police Department produce the records requested in the subpoena, attached hereto, issued by the United States District Court for the Northern District of California in the above-captioned case, for return on or before **December 10, 2024**.

**IT IS FURTHER ORDERED** that such records be provided by the subpoena recipient to the Court, in an envelope delivered to the Clerk's Office, and directly to the issuing Counsel for Defendant Morteza Amiri, whose name and address appears at the bottom of the subpoena, attached hereto.

**IT IS FURTHER ORDERED** that upon Defendant Morteza Amiri's receipt of such documents, a copy of the relevant records shall be provided forthwith to the government, as required by Rule 16 of the Federal Rules of Criminal Procedure.

**IT IS SO ORDERED.**

DATE: _____      _____
HON. JEFFREY S. WHITE
United States District Judge

# EXHIBIT A

**MOTION FOR RULE 17(C) SUBPOENA**

ATTACHMENT A
Case 4:23-cr-00269 JSW

Antioch Police Department
Records Unit
300 L Street
Antioch, CA 94509

Please provide copies, in electronic format, of all personnel records related to the following individuals:

Name: Morteza Amiri
Date of Birth: ▮▮▮▮

We are requesting the following records and information:

1) The complete administrative investigation files to include reports, investigative notes, any and all related correspondence, documentation of findings, conclusions, recommendations and disciplinary actions for the following incident of July 24, 2019, with the IA/File numbers:
   a. IA/File # K918-029
   b. IA/File # UF 19-058
2) The complete administrative investigation files to include reports, investigative notes, any and all related correspondence, documentation of findings, conclusions, recommendations and disciplinary actions for the following incident of December 19, 2019, with the IA/File numbers:
   a. IA/File # K918-040
   b. IA/File # UF 19-009
3) The complete administrative investigation files to include reports, investigative notes, any and all related correspondence, documentation of findings, conclusions, recommendations and disciplinary actions for the following incident of August 23, 2020, with the IA/File numbers:
   a. IA/File # K920-017
   b. IA/File # UF 20-0058

Please produce the responsive documents by December 10, 2024, so that the information may be reviewed prior to the trial or hearing in this matter by delivering the documents to the address below. If you have any questions regarding this subpoena, please contact Janelle F. Crandell at (916) 851-1900 or Janelle@grtlaw.com.

**GOYETTE, RUANO & THOMPSON, INC.**
Paul Q. Goyette (SBN 137250)
Janelle F. Crandell (SBN 224994)
2366 Gold Meadow Way, Suite 200
Gold River, CA 95670
(916) 851-1900
Paul@grtlaw.com
Janelle@grtlaw.com