Paul Q. Goyette(SBN 137250)
Janelle F. Crandell(SBN 224994)
**GOYETTE, RUANO & THOMPSON, INC.**
A Professional Law Corporation
2366 Gold Meadow Way, Suite 200
Gold River, CA  95670
Ph: (916) 851-1900
Fax: (916) 851-1995
Email:  Paul@grtlaw.com

Attorneys for Defendant,
MORTEZA AMIRI

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>MORTEZA AMIRI,<br><br>  Defendants. | Case No.  23-cr-00269 JSW<br><br>**DEFENDANT MORTEZA AMIRI'S MOTION IN LIMINE NO. 2 TO EXCLUDE UNFAIRLY PREJUDICIAL LANGUAGE**<br><br>Judge:  Hon. Jeffrey S. White<br>Date:    February 10, 2025<br>Time:    2:00 p.m.<br><br>Pretrial Conference Date: February 10, 2025<br>Trial Date: March 3, 2025 |

Defendant, MORTEZA AMIRI, by and through his attorneys of record, submits the following Motion in Limine No. 2 and respectfully requests the Court to exclude the oral and written co-conspirator statements and/or party admissions that include particularly inflammatory and prejudicial language as it relates to Mr. Amiri.

**I.   INTRODUCTION**

Exhibits 101, 212, 217, 218, 219, 901, 902, 903, 904, 923, 924, 925, and 932, on the government's Exhibit List are the same and is a 488-page document that includes a series of text messages received and/or sent by defendant Morteza Amiri.  The government alleges that these texts

1

represent co-conspirator statements and/or party admissions. A number of those messages include particularly inflammatory and prejudicial language and Mr. Amiri proposes those messages, or more specifically, words within those messages be redacted from the Exhibit. Mr. Amiri also requests this Court to preclude opposing counsel, witnesses, and parties from using inflammatory and prejudicial language during trial. Such language, including but not limited to, derogatory terms related to race or sexual orientation, have no legitimate evidentiary value, serves no purpose other than to inflame the jury, and creates an undue risk of prejudice.

## II.   LEGAL STANDARD

Under the Federal Rules of Evidence, only relevant evidence is admissible. (Fed. R. Evid. 401.) Relevant evidence is evidence that "has any tendency to make a fact more or less probable than it would be without the evidence" and that "the fact is of consequence in determining the action." (Fed. R. Evid. 401.) Evidence that creates an undue risk of prejudice, confusion, or misleading the jury is subject to exclusion. (Fed. R. Evid. 403.)

## III.   ARGUMENT

Evidence may be excluded if its probative value is substantially outweighed by the risk of unfair prejudice, confusion, or misleading the jury. Derogatory terms related to race or sexual orientation are particularly problematic because they often carry inflammatory connotations that can unfairly bias jurors against a party. Even if such terms have little or no relevance to the case's central issues, they can provoke strong emotional reactions, diverting jurors' attention from the evidence and leading to decisions based on emotion rather than fact.

Such language can unconsciously activate jurors' implicit biases, potentially influencing how they assess evidence or the credibility of witnesses. This undermines the defendant's—or any party's—right to a fair trial. When jurors are exposed to derogatory language, they may overemphasize the character or perceived morality of the individual associated with it, rather than

focusing on their actions or the relevant legal questions. Racialized or prejudicial language may skew jurors' perceptions of credibility, intent, or character, distorting their evaluation of evidence and compromising their ability to deliver an impartial verdict.

The government may argue that the text messages in question are relevant under Rule 401 to establish material issues such as motive, intent, or state of mind. However, the individuals identified as victims in Counts Two through Five of the Indictment are not of the same race, which amplifies the risks of bias, confusion, and misdirection. The presence of victims from diverse racial backgrounds makes it essential to prevent jurors from forming racially biased assumptions about the defendant's actions, motives, or character.

To protect the defendant's Sixth Amendment right to a fair trial, inflammatory racial language should be excluded. Even if such language has some relevance, the same point can typically be conveyed using less prejudicial evidence. Relevant aspects of the defendant's state of mind, motive, or intent can be demonstrated without resorting to racially or sexually charged language, thereby avoiding unnecessary prejudice and ensuring the jury remains focused on the facts and legal issues at hand.

Dated:  January 15, 2025

Respectfully Submitted,

**GOYETTE, RUANO & THOMPSON, INC.**
**A Professional Corporation**

By:_____
JANELLE F. CRANDELL
Attorney for Defendant,
MORTEZA AMIRI