Paul Q. Goyette (SBN 137250)
Janelle F. Crandell (SBN 224994)
**GOYETTE, RUANO & THOMPSON, INC.**
A Professional Law Corporation
2366 Gold Meadow Way, Suite 200
Gold River, CA  95670
Ph: (916) 851-1900
Fax: (916) 851-1995
Email:  Paul@grtlaw.com

Attorneys for Defendant,
MORTEZA AMIRI

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MORTEZA AMIRI,<br><br>Defendants. | Case No.  23-cr-00269 JSW<br><br>**DEFENDANT MORTEZA AMIRI'S MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE OF PRIOR CONVICTION**<br><br>Judge:  Hon. Jeffrey S. White<br>Date:   February 10, 2025<br>Time:   2:00 p.m.<br><br>Pretrial Conference Date: February 10, 2025<br>Trial Date: March 3, 2025 |

Defendant, MORTEZA AMIRI, by and through his attorneys of record, submits the following Motion in Limine No. 4, and respectfully requests the Court to exclude evidence of prior convictions as it relates to Mr. Amiri.

**I.      INTRODUCTION**

On August 8, 2024, Mr. Amiri was found guilty by jury trial of the charge of Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349, and Wire Fraud, in violation of 18 U.S.C. §

1
DEFENDANT AMIRI MOTION IN LIMINE #4 – PRIOR CONVICTION

1343, before the U.S. District Court, California Northern District, in Case number 4:23-cr-00264-JSW.  Sentencing in Case number 4:23-cr-00264-JSW remains stayed pending the outcome of the upcoming trial in this matter.  The government has indicated its intention to introduce these prior convictions at trial for impeachment purposes if Mr. Amiri chooses to testify. The admission of this evidence would violate Federal Rules of Evidence 403 and would substantially prejudice the Defendant, depriving them of their right to a fair trial under the Fifth and Sixth Amendments of the United States Constitution.

## II.     LEGAL STANDARD

Federal Rule of Evidence 609 permits the admission of evidence of a prior conviction for impeachment purposes in limited circumstances, provided its probative value outweighs its prejudicial effect. Rule 609(a)(2) specifically allows for the admission of prior convictions involving a dishonest act or false statement as these directly bear on credibility.  However, Rule 403 further provides that evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.

## III.    ARGUMENT

Before introducing Mr. Amiri's prior convictions, the government must first establish a legitimate issue regarding his credibility. Only once this foundation is laid should the Court consider whether the prior convictions are relevant to Mr. Amiri's truthfulness in the present case. If the Court determines that Mr. Amiri's prior convictions hold some probative value, their admission would still present a significant risk of unfair prejudice under Rule 403. The similarities between Mr. Amiri's past convictions for conspiracy to commit wire fraud and wire fraud, and the current charge of conspiracy, could unfairly sway the jury by suggesting that Mr. Amiri is inherently untrustworthy or predisposed to criminal behavior. Jurors might wrongfully conclude that Mr. Amiri has a propensity to commit similar crimes.

It is expected that the government will argue that the prior conviction speaks to Mr. Amiri's credibility. However, this could cause the jury to interpret the introduction of his past conviction as evidence that Mr. Amiri is guilty of similar actions in the current case. The prior convictions are not directly relevant to assessing Mr. Amiri's credibility as a witness in this case. The current trial concerns a different alleged conspiracy, with no inherent link between the prior conviction and his truthfulness or reliability in testifying regarding the present matter. This could lead to improper inferences about his tendency toward fraudulent or criminal behavior, which might result in a conviction based on past conduct rather than the evidence at hand in the present case. Courts have consistently excluded prior convictions under circumstances like this to prevent undue prejudice. For example, in *United States v. Bagley*, 772 F.2d 482, 488 (9th Cir. 1985), the Ninth Circuit excluded evidence of prior convictions where the risk of unfair prejudice substantially outweighed the probative value.

The introduction of Mr. Amiri's prior convictions would also violate his Sixth Amendment right to a fair trial and his Fifth Amendment due process rights. Allowing the jury to consider this evidence could lead to a verdict based on improper character judgments, rather than the merits of the current case. This is particularly problematic because the jury may wrongly equate the prior convictions with the current charges.

Should the Court allow the prior convictions to be admitted, the government should be limited to simply introducing the fact of the conviction, without elaborating on the details of the prior offense. This will prevent the jury from being unduly influenced by the nature of the previous crime. Additionally, a cautionary instruction should be provided to the jury, clarifying that the prior conviction may only be used to assess the defendant's credibility and should not be considered as evidence of guilt for the current charges.

Dated: January 15, 2025

Respectfully Submitted,

**GOYETTE, RUANO & THOMPSON, INC.**
**A Professional Corporation**

By: _____
JANELLE F. CRANDELL
Attorney for Defendant,
MORTEZA AMIRI