ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

ERIC CHENG (CABN 274118)
AJAY KRISHNAMURTHY (CABN 305533)
ALETHEA M. SARGENT (CABN 288222)
ALEXANDRA SHEPARD (CABN 205143)
Assistant United States Attorneys

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    Eric.Cheng@usdoj.gov
    Ajay.Krishnamurthy@usdoj.gov
    Alethea.Sargent@usdoj.gov
    Alexandra.Shepard@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 23-CR-00269-JSW |
| Plaintiff, | **UNITED STATES' MEMORANDUM IN OPPOSITION TO DEFENDANT WENGER'S PROPOSED JURY INSTRUCTIONS** |
| v. | |
| MORTEZA AMIRI, and DEVON CHRISTOPHER WENGER, | Pretrial: February 10, 2025<br>Trial: March 3, 2025<br>Court: Honorable Jeffrey S. White |
| Defendants. | |

The parties have jointly filed proposed jury instructions. Dkt. 262. In addition, defendant Devon Wenger has proposed that this Court provide Ninth Circuit Model Jury Instructions 3.15 (Dual Role Testimony), 3.20 (Untimely Disclosure of Exculpatory or Impeachment Evidence), 4.6 (Willfully), 5.12 (Mere Presence), 11.1 (Conspiracy – Elements), 11.3 (Multiple Conspiracies), and 11.5 (Withdrawal from Conspiracy).[1]

As explained below, the United States opposes each of these proposed additions because they are duplicative of instructions to which the parties have agreed, inapplicable to this case, or unsupported by any evidence.

**I.    Argument**

    **A.  Ninth Circuit Model Jury Instruction 3.15 (Dual Role Testimony)**

The United States opposes Ninth Circuit Model Jury Instruction 3.15 (Dual Role Testimony) because there are no witnesses who will testify as both fact and expert witnesses. Wenger has noticed the possible expert testimony of four witnesses: Beth Chrisman (handwriting), Jason Hawks (cell phone forensic extractions), Robert McFarlane (composite videos), and Lorenzo Glenn (use of force). The United States has separately moved to exclude the testimony of these witnesses. *See* USA Motions in Limine No. 3 and 4. But in any event, none of them are percipient witnesses to any facts of consequence to this case. The same is true of the expert witnesses proposed by the United States and defendant Amiri. Thus, Ninth Circuit Model Jury Instruction 3.15 is inapplicable here.

    **B.  Ninth Circuit Model Jury Instruction 3.20 (Untimely Disclosure of Exculpatory or Impeachment Evidence)**

The United States opposes Ninth Circuit Model Jury Instruction 3.20 (Untimely Disclosure of Exculpatory or Impeachment Evidence). A district court should provide a party's requested jury instruction only if there is "some foundation in the evidence" for the requested instruction. *United States v. Perdomo-Espana*, 522 F.3d 983, 987 (9th Cir. 2008). Here, Wenger has not identified any evidence that he thinks was disclosed late, let alone provided any reason to believe that a corrective instruction is necessary. *See also* Dkt. 232 (Order Denying Motion to Dismiss Based on Prosecutorial Misconduct and

---

[1] Wenger has also proposed that the Court provide Ninth Circuit Model 4.8 (Knowingly). The United States inadvertently neglected to include this instruction in the joint proposed instructions, and therefore does not object to providing this instruction.

Ineffective Assistance of Counsel or in the Alternative a Change of Venue) at 10–12. Thus, Ninth Circuit Model Jury Instruction 3.20 should not be provided.

### C. Ninth Circuit Model Instruction 4.6 (Willfully)

Although Wenger has proposed Ninth Circuit Model Jury Instruction 4.6 (Willfully), it is not clear what instruction he wants the court to provide. The Ninth Circuit Jury Instructions Committee "has not provided a generic instruction defining" the term "willfully." Ninth Circuit Model Jury Instruction 4.6, Comment. Instead, because "Ninth Circuit cases have defined 'willful' in different terms depending on the particular crime charged,' the "meaning of 'willfully' necessarily depends on particular facts arising under the applicable statute." *Id.* In accordance with that directive, the parties (including Wenger) have proposed Jury Instruction 54, which sets forth a definition of the term "willful" taken from decisions involving violations of 18 U.S.C. § 242, which is the statute applicable to this case. *See Screws v. United States*, 325 U.S. 91, 104 (1945); *Bryan v. United States*, 524 U.S. 184, 191–92, 196 (1998). Nothing else is required.

### D. Ninth Circuit Model Instruction 5.12 (Mere Presence)

The United States opposes Ninth Circuit Model Jury Instruction 5.12 (Mere Presence) because it is inapplicable to the facts of this case. Amiri and Wenger are both charged with Conspiracy Against Rights in Count One. Amiri is separately charged with Deprivation of Rights in Counts Two, Three, Four, Five, and with Falsification of Records in Count Nine. The United States does not anticipate introducing evidence that Wenger was physically present at the scene of any of the crimes captured in these charges against Amiri: Counts Two, Three, Four, Five, and Nine.

Wenger is separately charged with Deprivation of Rights in Count Eight. The United States does not anticipate introducing evidence that Amiri was present at the scene of the crime charged in Count Eight. Thus, although the United States intends to offer evidence that the defendants communicated about each others' uses of force as evidence of conspiracy, it does not intend to argue that either defendant is substantively liable for Deprivation of Rights by the conduct of someone else due to the defendant's mere presence at the scene of a crime. Therefore, Ninth Circuit Model Jury Instruction 5.12 is inapplicable.

  E. <u>Ninth Circuit Model Jury Instruction 11.1 (Conspiracy – Elements)</u>

The United States opposes Ninth Circuit Model Jury Instruction 11.1 (Conspiracy – Elements) because it is duplicative of the parties' proposed Jury Instruction 50, which sets forth the elements of 18 U.S.C. § 241 (Conspiracy Against Rights).

  F. <u>Ninth Circuit Model Jury Instruction 11.3 (Multiple Conspiracies)</u>

The United States opposes Ninth Circuit Model Jury Instruction 11.3 (Multiple Conspiracies) because there is no foundation in evidence for this instruction. *See Perdomo-Espana*, 522 F.3d at 987. "A multiple conspiracy jury instruction is appropriate if an indictment charges several defendants with one overall conspiracy, but the proof at trial indicates that a jury could reasonably conclude that some of the defendants were only involved in separate conspiracies unrelated to the overall conspiracy charged in the indictment." *United States v. Chen Chiang Liu*, 631 F.3d 993, 1000 (9th Cir. 2011) (citation omitted). Here, Wenger has not identified any evidence from which a jury could reasonably conclude that he was involved in a conspiracy unrelated to the one charged in the Indictment. Thus, the instruction is inapplicable.

  G. <u>Ninth Circuit Model Jury Instruction 11.5 (Withdrawal)</u>

The United States opposes Ninth Circuit Model Jury Instruction 11.5 (Withdrawal) because there is no foundation in evidence for this instruction. *See Perdomo-Espana*, 522 F.3d at 987. "To withdraw from a conspiracy a defendant must either disavow the unlawful goal of the conspiracy, affirmatively act to defeat the purpose of the conspiracy, or take definite, decisive, and positive steps to show that the defendant's disassociation from the conspiracy is sufficient." *United States v. Lothian*, 976 F.2d 1257, 1261 (9th Cir. 1992). Because there is no evidence that Wenger withdrew from the conspiracy, this instruction is inapplicable.

**II. Conclusion**

For the reasons set out above, the United States opposes providing the jury with Ninth Circuit Model Instructions 3.15 (Dual Role Testimony), 3.20 (Untimely Disclosure of Exculpatory or Impeachment Evidence), 4.6 (Willfully), 5.12 (Mere Presence), 11.1 (Conspiracy – Elements), 11.3

//

//

(Multiple Conspiracies), and 11.5 (Withdrawal from Conspiracy).

DATED: January 27, 2025

Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

_____/s/_____
ERIC CHENG
AJAY KRISHNAMURTHY
ALETHEA SARGENT
ALEXANDRA SHEPARD
Assistant United States Attorneys