ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

ERIC CHENG (CABN 274118)
AJAY KRISHNAMURTHY (CABN 305533)
ALETHEA M. SARGENT (CABN 288222)
ALEXANDRA SHEPARD (CABN 205143)
Assistant United States Attorneys

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    Eric.Cheng@usdoj.gov
    Ajay.Krishnamurthy@usdoj.gov
    Alethea.Sargent@usdoj.gov
    Alexandra.Shepard@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MORTEZA AMIRI and <br> DEVON CHRISTOPHER WENGER, <br><br> Defendants. | Case No. CR 23-00269 JSW <br><br> **UNITED STATES' OFFER OF PROOF** |

The United States provides the following offer of proof in response to the Court's order regarding defendant Morteza Amiri's Motion in Limine 2. Dkt. 297.

Defendant Amiri is charged with multiple instances of using excessive force, in violation of 18 U.S.C. § 242. To prove a violation of section 242, the government must establish that the defendant acted (1) under color of law; (2) willfully; and (3) to deprive the victim of a constitutionally or federally protected right. 18 U.S.C. § 242; *United States v. Lanier*, 520 U.S. 259, 264 (1997). This requires proof

that the defendant acted with the specific intent to deprive a person of a constitutional right. *Screws v. United States*, 325 U.S. 91, 104 (1945). As the Seventh Circuit explained in the context of a police officer charged with violating section 242 for using unreasonable force, this means that, to act willfully, a defendant must "[know that the] force [i]s not reasonable and use[] it anyway."[1] *United States v. Proano*, 912 F.3d 431, 442 (7th Cir. 2019).

Courts have held that racially abusive language towards a person—or group of people—can be probative of intent to use unreasonable force. This is so because racial animus is a form of animus, and such language shows a "malign motive beyond that of self-defense or reasonable force." *Sanders v. Jersey City*, 2021 WL 1589464, at *8 (D.N.J. Apr. 23, 2021) ("A juror, if it credited that testimony, could conclude that repeated use of a slur while punching an arrestee perhaps bespeaks a malign motive beyond that of self-defense or reasonable force."). Indeed, as the Ninth Circuit has explained, evidence of an officer's racial bias can demonstrate why an officer "used excessive force without cause." *Price v. Kramer*, 200 F.3d 1237, 1251 (9th Cir. 2000); *see also, e.g.*, *id.* ("racial bias was important to proving the defendants conduct was 'malicious, wanton or oppressive or in reckless disregard of the plaintiffs' rights"); *Davis v. City of Las Vegas*, 478 F.3d 1048, 1060 (9th Cir. 2007) ("[W]here an officer arrests a citizen in an abusive manner not as the result of the exercise of poor judgment as to the force required to make an arrest, but instead because of hostility toward a suspect or a particular class of suspects (such as members of racial minority groups) or because of a willful or deliberate disregard for the rights of a particular citizen or citizens, the officer's actions are the result of bad faith and he is not immune from suit.").

The United States seeks to admit the following three exhibits containing the "the word 'gorilla'"; the United States does not seek to admit any "instances of the 'n-word'" in its case in chief. Dkt. 297. Each of these exhibits contain racially derogatory language in the specific context of statements showing

---

[1] Defendant Amiri is also charged with conspiracy in violation of 18 U.S.C. § 241, in which the United States must prove that (1) there was an agreement between two or more persons to injure, oppress, threaten, or intimidate one or more persons in the free exercise or enjoyment of any right or privilege secured to them by the Constitution or laws of the United States, and (2) the defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose. 18 U.S.C. § 241. Here, the specific constitutional right at issue is the right "to be free from the use of unreasonable force by a law enforcement officer." Dkt 1, ¶ 10.

USA OFFER OF PROOF
23-CR-00269 JSW

Amiri's intent to use unreasonable force.

| Exhibit No. | Exhibit | Government's Offer of Proof | Mr. Amiri's Response |
|---|---|---|---|
| **116-1750** | ROMBOUGH: Lol what did you get?<br><br>ROMBOUGH: Gorillas<br><br>AMIRI: basically<br><br>ROMBOUGH: Dog bite<br><br>AMIRI: no they didn't push it that far. bunch of gorillas surrounding us and taunting a fight since we were hooking quindell. they were all pussies and didn't do shit. i wish they did | The messages reference Amiri's desire for an opportunity to use his canine ("i wish they did"). Abusive language is probative of the defendant's willfulness. *See, e.g.*, *Price*, 200 F.3d at 1251. | |
| **116-3586 – 3589** | AMIRI: thanks bro. throat bite.<br>      * * *<br>AMIRI: don't share [image]<br>      * * *<br>ROMBOUGH: Going for the jugular<br><br>AMIRI: imagine fat ass purcy on your fucking throat<br><br>ROMBOUGH: That's perfect I love it<br><br>AMIRI: i shit myself when i saw that. i thought he was gonna kill her<br><br>ROMBOUGH: Oh well one less gorilla pro-curating<br><br>AMIRI: lmao! | The messages refer to an arrest, during which Amiri's canine bit a subject near her throat. The messages support an inference that Amiri intended to cause injuries, rather than simply accomplishing legitimate police objectives. *See, e.g.*, *Price*, 200 F.3d at 1251. | |
| **118-129-130 & 101** | [APD Officer 1]: I hope we find him tomorrow and you bite his ass<br><br>AMIRI: Emphasized "I hope | This message refers to a planned APD operation that resulted in Amiri's canine biting a known subject. The messages support an inference that Amiri intended to | |

| Exhibit No. | Exhibit | Government's Offer of Proof | Mr. Amiri's Response |
|---|---|---|---|
| | we find him tomorrow and you bite his ass"<br><br>[APD Officer 1]: Bro the circus is in town...but it seems they only brought monkeys<br><br>*AMIRI: lmao*<br><br>*AMIRI: it's a zoo over there right now*[2] | use force even before any legitimate need for force arose. | |

DATED: February 10, 2025

Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney


                    /s/
ERIC CHENG
AJAY KRISHNAMURTHY
ALETHEA SARGENT
ALEXANDRA SHEPARD
Assistant United States Attorneys

---

[2] Amiri's italicized response to "APD Officer 1" was inadvertently omitted from Exhibit 118 as a clerical error, but the statements are included in Exhibit 101.

USA OFFER OF PROOF
23-CR-00269 JSW