1   PATRICK D. ROBBINS (CABN 152288)
    Acting United States Attorney
2
    MARTHA BOERSCH (CABN 126569)
3   Chief, Criminal Division

4   ERIC CHENG (CABN 274118)
    AJAY KRISHNAMURTHY (CABN 305533)
5   ALEXANDRA SHEPARD (CABN 205143)
    Assistant United States Attorneys
6
        1301 Clay Street, Suite 340S
7       Oakland, California 94612
        Telephone: (510) 637-3680
8       FAX: (510) 637-3724
        Eric.Cheng@usdoj.gov
9       Ajay.Krishnamurthy@usdoj.gov
        Alexandra.Shepard@usdoj.gov
10
    Attorneys for United States of America
11
                        UNITED STATES DISTRICT COURT
12
                    NORTHERN DISTRICT OF CALIFORNIA
13
                            OAKLAND DIVISION
14
    UNITED STATES OF AMERICA,              ) Case No. 23-CR-00269 JSW
15                                         )
            Plaintiff,                     ) **UNITED STATES' RESPONSE TO ORDER**
16                                         ) **REGARDING COURT'S PROPOSED FINAL**
        v.                                 ) **JURY INSTRUCTIONS**
17                                         )
    MORTEZA AMIRI and                      )
18  DEVON CHRISTOPHER WENGER,              )
                                           )
19          Defendants.                    )
                                           )
20

21      The United States respectfully submits the following comments and proposed revisions to the

22  Order Regarding Court's Proposed Final Jury Instructions:

23

24      • **Instruction No. 5 (What Is Evidence)**: The sentence beginning "Third," may be deleted as

25          the parties did not submit stipulated facts to the jury.

26      • **Instruction No. 11 (Stipulated Testimony)**: This instruction may be deleted as the parties

27          did not submit stipulated testimony to the jury.

28

- **Instruction No. 12 (Stipulations of Fact)**: This instruction may be deleted as the parties did not submit stipulations of fact to the jury.

- **Instruction No. 13 (Other Crimes, Wrongs, or Acts of Defendant)**: The government proposes the following underlined revisions to this instruction. In particular, evidence that the defendant used force against other individuals is admissible as intrinsic to the conspiracy charge. *See* Dkt. No. 305 at 2 (Order on Motions *In Limine*).

### 13. Other Crimes, Wrongs, or Acts of Defendant

You have seen evidence that the defendant used force against individuals other than those alleged in Count Two (A.A.), Count Three (D.R.), and Count Four (M.Z.). When deliberating on Count Two, Count Three, and Count Four, you may consider this evidence only for the purpose of deciding whether the defendant:

(1) had the state of mind, knowledge, or intent necessary to commit the crimes charged in the indictment;

(2) had a motive or the opportunity to commit the acts charged in the indictment;

(3) was preparing or planning to commit the acts charged in the indictment;

(4) acted with a method of operation as evidenced by a unique pattern; or

(5) did not commit the acts for which the defendant is on trial by accident or mistake.

Do not consider this evidence for any other purpose with respect to Count Two (A.A.), Count Three (D.R.), and Count Four (M.Z.). However, you may consider this evidence for any purpose with respect to Count One (Conspiracy).

Of course, it is for you to determine whether you believe this evidence and, if you do believe it, whether you accept it for the purpose offered. You may give it such weight as you feel it deserves, but only for the limited purpose that I described to you.

You may not consider the evidence of these other acts as a substitute for proof

1   that the defendant committed the crimes charged <u>in Count Two (A.A.), Count Three</u>

2   <u>(D.R.), and Count Four (M.Z.)</u>. You may not consider this evidence as proof that the

3   defendant has a bad character or any propensity to commit <u>those </u>crimes. Specifically, you

4   may not use this evidence to conclude that because the defendant may have committed

5   the other acts, he must also have committed the acts charged in Count Two, Count Three,

6   and Count Four.

7       Remember that the defendant is on trial here only for conspiracy against rights in

8   violation of Section 241 of Title 18 of the United States Code, for depriving the rights of

9   A.A., D.R., and M.Z. under color of law in violation of Section 242 of Title 18 of the

10  United States Code, and for destruction, alteration, and falsification of records in federal

11  investigations in violation of Section 1519 of Title 18 of the United States Code, not for

12  these other acts. Do not return a guilty verdict unless the government proves the crimes

13  charged in the indictment beyond a reasonable doubt.

14

15  • **Instruction No. 17 (Character of Victim)**: This instruction may be deleted as no character

16      evidence was introduced as to a victim.

17  • **Instruction No. 18 (Impeachment Evidence)**: The government proposes the following

18      <u>underlined</u> additions to this instruction:

19

20                          **18. Impeachment Evidence – Witness<u>es</u>**

21       You have heard evidence that <u>Logan Cartwright</u>, a witness, <u>provided prior</u>

22  <u>statements in sworn testimony before the grand jury and to investigators that are</u>

23  <u>inconsistent with his testimony before the jury during this trial</u>. You may consider this

24  evidence in deciding whether or not to believe this witness and how much weight to give

25  to the testimony of this witness.

26       <u>You have heard evidence that Matthew Contreras, a witness, provided prior</u>

27  <u>statements in sworn testimony before the grand jury that are inconsistent with his</u>

28

1    testimony before the jury during this trial. You may consider this evidence in deciding

2    whether or not to believe this witness and how much weight to give to the testimony of

3    this witness.

4        You have heard evidence that witnesses Daniel Romo, Jessie Lee Wilson, and

5    Adrian Arroyo were previously convicted of felony offenses. You may consider this

6    evidence in deciding whether or not to believe these witnesses and how much weight to

7    give to the testimony of these witnesses.

8        You have also heard evidence that Mason Zeigler, a witness, was convicted of

9    providing false identification to a police officer and forging checks. You may consider

10    this evidence in deciding whether or not to believe this witness and how much weight to

11    give to the testimony of this witness.

12

13    • **Instruction No. 19 (Testimony of Witnesses Involving Special Circumstances –**

14    **Immunity, Benefits, Accomplice, Plea):** The government proposes the following <u>underlined</u>

15    revisions to this instruction:

16

17    **19. Testimony of Witnesses Involving Special Circumstances – Immunity, Benefits,**

18    **Accomplice, Plea**

19        You have heard testimony from Eric Rombough, a witness who pleaded guilty to

20    ~~a~~ crime<u>s</u> arising out of the same events for which the defendant is on trial. ~~This~~ <u>These</u>

21    guilty plea<u>s are</u> ~~is~~ not evidence against the defendant, and you may consider ~~it~~ <u>them</u> only

22    in determining this witness's believability.

23        <u>You have also heard testimony from Timothy Manly Williams, a witness who</u>

24    <u>pleaded guilty to crimes arising out of different events for which the defendant is on trial.</u>

25    <u>These guilty pleas are not evidence against the defendant, and you may consider them</u>

26    <u>only in determining this witness's believability.</u>

27        For this reason, in evaluating the testimony of Mr. Rombough <u>and Mr. Manly,</u>

28

USA RESPONSE RE JURY INSTRUCTIONS
23-CR-00269 JSW                                    4

1  you should consider the extent to which or whether their ~~his~~ testimony may have been

2  influenced by this factor. In addition, you should examine the testimony of Mr.

3  Rombough and Mr. Manly with greater caution than that of other witnesses.

4

5  • **Instruction No. 20 (Charts and Summaries Not Admitted)**: This instruction may be deleted.

6  • **Instruction No. 21 (Charts and Summaries Admitted into Evidence)**: This instruction may be

7  deleted.

8  • **Instruction No. 22 (Opinion Evidence, Expert Witness)**: Ken Wallentine should be added to

9  this instruction.

10  • **Instruction No. 27 (Color of Law)**:  This instruction is missing a period at the end.

11  • **Instruction No. 28 (Unreasonable Force)**:  The government proposes the following underlined

12  additions to this instruction:

13

14  **28. Unreasonable Force**

15  Under the Fourth Amendment of the Constitution of the United States, a police

16  officer may use only such force as is "objectively reasonable" under all of the

17  circumstances. You must judge the reasonableness of a particular use of force from the

18  perspective of a reasonable officer on the scene.

19  A law enforcement officer is justified in using only that amount of force which is

20  reasonably necessary to accomplish a legitimate law enforcement purpose.  That law

21  enforcement officer may not use more force than is reasonably necessary to accomplish

22  those purposes.

23  The decision by a police officer to use force shall be evaluated from the

24  perspective of a reasonable officer in the same situation, based on the totality of the

25  circumstances known to or perceived by the officer at the time rather than with the

26  benefit of hindsight.

27  In determining whether the defendant used unreasonable force in this case,

28
USA RESPONSE RE JURY INSTRUCTIONS
23-CR-00269 JSW                    5

consider all of the circumstances known to the officers on the scene, including:

(1)   the nature of the crime or other circumstances known to the defendant at the time force was applied;

(2)   whether the ~~arrestee~~person posed an immediate threat to the safety of the defendant or to others;

(3)   whether the ~~arrestee~~person was actively resisting arrest or attempting to evade arrest by flight;

(4)   the amount of time the defendant had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period;

(5)   the relationship between the need for the use of force and the amount of force used;

(6)   the extent of the ~~arrestee~~person's injury;

(7)   any effort made by the officers to temper or to limit the amount of force;

(8)   the severity of the security problem at issue;

(9)   the availability of alternative methods to take the ~~arrestee~~person into custody;

(10)  the number of lives at risk (motorists, pedestrians, police officers) and the parties' relative culpability; i.e., which party created the dangerous situation, and which party is more innocent;

(11)  whether it was practical for the defendant to give warning of the imminent use of force, and whether such warning was given;

(12)  whether a reasonable officer would have or should have accurately perceived a mistaken fact; and

(13)  whether there was probable cause for a reasonable officer to believe that the suspect had committed a crime involving the infliction or threatened infliction of serious physical harm.

1    • **Instruction No. 32 (Obstruction of Justice – Destruction, Alteration, or Falsification of**

2    **Records in Federal Investigations and Bankruptcy (18 U.S.C. § 1519))**: The government

3    proposes the following <u>underlined</u> addition to this instruction.  *See* Ninth Circuit Model Criminal

4    Jury Instruction 19.4 (citing *United States v. Gonzalez*, 906 F.3d 784, 794-76 (9th Cir. 2018)).

5

6    **32. Obstruction of Justice – Destruction, Alteration, or Falsification of Records in**

7    **Federal Investigations and Bankruptcy (18 U.S.C. § 1519)**

8         The defendant is charged in Count Five with obstruction of justice in violation of

9    Section 1519 of Title 18 of the United States Code. For the defendant to be found guilty

10   of that charge, the government must prove each of the following elements beyond a

11   reasonable doubt:

12        First, the defendant knowingly altered, destroyed, concealed, or falsified a record,

13   document, or tangible object; and

14        Second, the defendant acted with the intent to impede, obstruct, or influence an

15   actual or contemplated investigation of a matter within the jurisdiction of any department

16   or agency of the United States. <u>The defendant need not have known that the matter in</u>

17   <u>question falls within the jurisdiction of a federal department or agency.</u>

18        The government need not prove that the defendant's sole or even primary

19   intention was to obstruct justice so long as the government proves beyond a reasonable

20   doubt that one of the defendant's intentions was to obstruct justice. The defendant's

21   intention to obstruct justice must be substantial.

22   DATED:  March 10, 2025                    Respectfully submitted,

23                                            PATRICK D. ROBBINS
                                              Acting United States Attorney
24

25                                            _____/s/_____
                                              ERIC CHENG
26                                            AJAY KRISHNAMURTHY
                                              ALEXANDRA SHEPARD
27                                            Assistant United States Attorneys

28