UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MORTEZA AMIRI,<br><br>Defendant. | Case No. 23-cr-00269-JSW-1<br><br>**COURT'S PROPOSED ANSWER TO JURY QUESTION** |

The jury submitted a question to the Court on March 12, 2025. The Court considered the cases submitted by the parties, as well as the Court's own research, and tentatively proposes to give the instruction proposed by the Government, along with the relevant final jury instructions.

Mr. Amiri's authorities are largely inapposite. *United States v. Cobb*, 905 F.2d 784 (4th Cir. 1990) and *United States v. Stokes*, 506 F.2d 771 (5th Cir. 1975) both relate to verbal threats made by a suspect in custody which allegedly provoked a violent response by police officers. The opinions do not provide details of the contents of the arrestees' remarks, but it does not appear to the Court that either arrestee was in the position to carry out his threats. Mr. Amiri, on the other hand, was a law enforcement officer confronting a suspect in an open parking lot, and thus had the potential to carry out the alleged threat.

Mr. Amiri also reads *Marcilis v. Township of Redford*, 693 F.3d 589 (6th Cir. 2012) too broadly. The Sixth Circuit in that case held that verbal threats are not "excessive force," "in the context of questioning." *Id.* at 599 (citing *Giese v. Wichita Police Department*, 69 F.3d 547 (10th Cir. 1995). The Sixth Circuit did not say that the threats were not "a use of force," but that they were not "excessive force" in the context in which they were given. In that case, the threats were made to ensure compliance while officers executed a search warrant.

Finally, Mr. Amiri cites *United States v. Cowden*, 882 F.3d 464 (4th Cir. 2018) because that case cites *Cobb*, but the portion of *Cobb* cited by *Cowden* is not relevant to the jury's question. *See id.* at 747 ("'[T]he punitive intent behind a defendant's use of force may be inferred when the force is not reasonably related to a legitimate non-punitive governmental objective.'") (citing *United States v. Cobb*, 905 F.2d at 789).

The Court finds the Government's authorities to be more on point, and in particular, *Tekle v. United States*, 511 F.3d 839 (9th Cir. 2007) to bind this Court. In that case, the Ninth Circuit held that pointing a gun at a suspect, without causing injury or physically touching that suspect, could be excessive force. *Id.* at 845. *Robinson v. Solano County*, 278 F.3d 1007 (9th Cir. 2002) stands for the same proposition, and there the court found excessive force because pointing a gun at the suspect caused him to fear for his life even though it did not result in physical injury. *Id.* at 1010, 1014-15.

This comports with the Court's own research. In addition to the cases identified by the Government, the Court considered cases which analyzed excessive force under the Eighth Amendment, which it found to be analogous. In particular, the Court considered *Chandler v. D.C. Department of Corrections*, 145 F.3d 1355 (D.C. Cir. 1998). The D.C. Circuit held in *Chandler* that, "[a]lthough a verbal threat standing alone is generally inadequate to state a constitutional claim, such a threat could violate the Eighth Amendment if the resulting harm were sufficiently severe," including psychological harm. *Id.* at 1360-61 (citations omitted). The Court also considered *Small v. Brock*, 963 F.3d 539 (6th Cir. 2020), in which the Sixth Circuit determined that "[a] threatened loss of life, when made credible by the aggressive brandishing of a deadly weapon," is excessive force under the Eighth Amendment. *Id.* at 541 (citing *Hudson v. McMillian*, 503 U.S. 1 (1992), which in turn rejected a physical injury requirement for Eighth Amendment violations and held that death threats accompanied by a gun would be prohibited).

**Accordingly, the Court proposes answering the jury's question as follows:**

The jury asked:

> On Count 4, if we find that the defendant threatened Mr. Zeigler verbally without touching him (beyond a reasonable doubt), does that threat constitute a

violation of law (if done willfully under color of law), if it was not done for a legitimate law enforcement purpose?

Specifically, does a verbal threat given under color of law constitute a use of force at all? And, is it possible for a use of force as minor as a verbal threat to be deemed unreasonable?

To answer the question, a verbal threat without more cannot constitute unreasonable force. However, a physical touching is not required. A verbal threat accompanied by displaying a weapon can constitute unreasonable force.

The elements of Count Four are as follows:

First, the defendant acted under color of law;

Second, the defendant deprived an individual of a constitutional right, in this case, the right to be free from unreasonable seizures, which includes the right to be free from a police officer's use of unreasonable force; and

Third, the defendant acted willfully.

As set forth in Jury Instruction Number 21, Unreasonable Force, you must determine the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene. The decision by a police officer to use force shall be evaluated from the perspective of a reasonable officer in the same situation, based on the totality of the circumstances known to or perceived by the officer at the time rather than with the benefit of hindsight. In determining whether the defendant used unreasonable force in this case, consider all of the circumstances known to the officers on the scene, including:

(1) the nature of the crime or other circumstances known to the defendant at the time force was applied;

(2) whether the subject posed an immediate threat to the safety of the defendant or to others;

(3) whether the subject was actively resisting arrest or attempting to evade arrest by flight;

(4) the amount of time the defendant had to determine the type and amount of force

3

    that reasonably appeared necessary, and any changing circumstances during that period;

(5) the relationship between the need for the use of force and the amount of force used;

(6) the extent of the subject's injury;

(7) any effort made by the officers to temper or to limit the amount of force;

(8) the severity of the security problem at issue;

(9) the availability of alternative methods to take the subject into custody;

(10) the number of lives at risk (motorists, pedestrians, police officers) and the parties' relative culpability; i.e., which party created the dangerous situation, and which party is more innocent;

(11) whether it was practical for the defendant to give warning of the imminent use of force, and whether such warning was given;

(12) whether a reasonable officer would have or should have accurately perceived a mistaken fact; and

(13) whether there was probable cause for a reasonable officer to believe that the suspect had committed a crime involving the infliction or threatened infliction of serious physical harm.

The Court will consider the parties' objections to the above proposed answer to the jury's question on the record.

  **IT IS SO ORDERED.**

Dated: March 13, 2025

                _____
                JEFFREY S. WHITE
                United States District Judge