PATRICK D. ROBBINS (CABN 152288)
Acting United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

ERIC CHENG (CABN 274118)
AJAY KRISHNAMURTHY (CABN 305533)
ALEXANDRA SHEPARD (CABN 205143)
Assistant United States Attorneys

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    Eric.Cheng@usdoj.gov
    Ajay.Krishnamurthy@usdoj.gov
    Alexandra.Shepard@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. CR 23-00269 JSW |
| Plaintiff, | ) | |
| v. | ) | **UNITED STATES' MEMORANDUM IN SUPPORT OF DETENTION** |
| MORTEZA AMIRI, | ) | |
| Defendant. | ) | |

    The Court should order defendant Morteza Amiri detained immediately. Absent "exceptional reasons," a district court is required by statute to order the post-conviction detention of a defendant convicted of "a crime of violence" and who "is awaiting imposition . . . of sentence," unless the court "finds there is a substantial likelihood that a motion for acquittal or new trial will be granted" or "the Government has recommended that no sentence of imprisonment be imposed," and the defendant can show—by clear and convincing evidence—that he is not likely to flee or pose a danger to the community. For the reasons set forth below, Amiri cannot meet any of these requirements: this Court

has already denied Amiri's motion for a judgment of acquittal and there is no substantial likelihood that his motion for a new trial will be granted; the Government will recommend the imposition of a significant custodial sentence; Amiri cannot show by clear and convincing evidence that he does not pose a danger to the community, especially in light of several instances of erratic behavior since prior to and following his arrest in this case; and there are no exceptional reasons that would justify release at this time.

## I.    Factual Background

On March 14, 2025, Amiri was found guilty of two felony offenses, following a jury trial: one count of deprivation of rights—specifically, willfully depriving A.A. of the right to be free from the use of unreasonable force by a law enforcement officer (Count Two), and one count of falsifying records, in violation of 18 U.S.C. § 1519 (Count Five of the verdict form; Count Nine of the Indictment).

Amiri had previously been convicted of two other felony offenses. On August 8, 2024, following a jury trial, Amiri was convicted of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, and wire fraud, in violation of 18 U.S.C. § 1343.

## II.   Applicable Law

18 U.S.C. § 3143 governs the release or detention of a defendant who is awaiting imposition of sentence. Under that statute, defendants who have been convicted of a "crime of violence" must be detained unless:

> (A)
>
> (i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>
> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(2). If the defendant meets the requirements of Section 3143 are met, he must then "clearly show[]" that "there are exceptional reasons why [his] detention would not be appropriate." 18 U.S.C. § 3145.

## III.    Argument

Amiri should be detained pending the imposition of his sentence.

### A.    _Amiri has been convicted of a crime of violence._

To begin with, Amiri must first meet the requirements of 18 U.S.C. § 3143(a)(2) because he has been convicted of a crime of violence. The term "crime of violence" includes, in relevant part, an "an offense that has as an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 3156(a)(4). Here, Amiri's conviction for violating 18 U.S.C. § 242 constitutes a crime of violence because it involved the actual use of force— specifically "unreasonable force" by a police officer—against another person, and because the jury specifically found that the offense either resulted in bodily injury to A.A. or involved the use, attempted use, or threatened use of a dangerous weapon. _See, e.g._, Dkt. 378 (Final Jury Instructions) at 24 ("[T]he defendant deprived an individual of a Constitutional right, in this case, the right to be free from unreasonable seizures, which includes the right to be free from a police officer's use of unreasonable force[.]"); Dkt. 390 (Jury Verdict) at 2. _See also United States v. Acosta_, 470 F.3d 132, 135 (2d Cir. 2006) ("Acosta was charged under the second clause of § 242. Since this clause has as an element the use, attempted use, or threatened use of physical force against the person or property of another, it necessarily qualifies as a crime of violence."); _United States v. Williams_, 343 F.3d 423, 434 (5th Cir. 2003) ("From his sentence and indictment, we know that Williams was indicted for and convicted of the offense defined in the second clause of § 242. As we explained earlier, this offense is unquestionably a 'crime of violence[].'")

### B.    _Amiri does not meet the requirements of 18 U.S.C. § 3143(a)(2)(A)._

Because Amiri has been convicted of a crime of violence, he must first meet the requirements of 18 U.S.C. § 3143(a)(2)(A) to not be detained pending the imposition of his sentence. Specifically, he must show that either "there is a substantial likelihood that a motion for acquittal or new trial will be granted" or that the "attorney for the Government [will] recommend[] that no sentence of imprisonment be imposed on the person." 18 U.S.C. § 3143(a)(2)(A)(i), (ii).

Neither condition is met here. First, there is no substantial likelihood that a motion for acquittal or new trial will be granted; this Court has already denied Amiri's motion for a judgment of acquittal,

*see*, Dkt. 372-2 at 1, and Amiri has not identified any basis for a motion for a new trial. Beyond that, the Sentencing Guidelines call for, and the United States will recommend, a significant custodial sentence in this case. Thus, Amiri has not met the conditions set forth in 18 U.S.C. § 3143(a)(2)(A).

      C.   <u>Amiri cannot show by clear and convincing evidence that he is not likely to flee or pose a danger to the community.</u>

Even if Amiri were to satisfy the requirements of 18 U.S.C. § 3143(a)(2)(A), in order to be granted release, he would still have to show "by clear and convincing evidence" that he "is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2)(B). Amiri cannot do so.

Although Amiri was released pursuant to bail conditions prior to trial, the posture of this case is now different. Because Amiri has now been convicted by a jury, "[t]he burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant." Fed. R. Crim. P. 46(c). The statutory scheme "creates a presumption in favor of detention; it places the burden on the defendant to defeat that presumption; and it requires the defendant to carry that burden by clear and convincing evidence, not by a mere preponderance." *United States v. Abuhamra*, 389 F.3d 309, 320 (2d Cir. 2004).

Here, given the facts of the crime of violence for which Amiri has been convicted, he cannot show by clear and convincing evidence that he does not pose a danger to any other person or the community. "A crime of violence, by definition, entails dangers to the community." *United States v. Devinna*, 5 F. Supp. 2d 872, 873 (E.D. Cal. 1998). In addition, the potentially lengthy sentence that Amiri now faces "supports a finding that Defendant poses a flight risk." *United States v. Fujinaga*, No. 215CR00198GMNNJK, 2021 WL 3276146, at *3 (D. Nev. July 30, 2021).

Moreover, Amiri's at times erratic behavior since this investigation began also weighs further in favor of detention. For instance, according to Antioch Police Department Acting Chief Joe Vigil, following the Antioch Police Department's decision to reclaim possession of Amiri's police K-9 "Purcy" in May 2023, Amiri repeatedly called Acting Chief Vigil and "repeatedly demanded" an explanation for why the canine was taken from him.  Shepard Declaration, Exhibit 1, Declaration of Joe Vigil.  Amiri also showed up at the Antioch Police Department, even though he was on administrative

leave and not permitted to be on the premises without authorization. Shepard Declaration, Exhibit 1. Acting Chief Vigil was informed by other officers he had asked to "calm [Amiri] down" that Amiri appeared "extremely agitated," "not thinking rationally," and "possibly armed" such that Acting Chief Vigil "should not leave the building." Shepard Declaration, Exhibit 1. Acting Chief Vigil was "concerned for [his] own safety and the safety of others at the Antioch Police Department." Shepard Declaration, Exhibit 1. Amiri ultimately left the premises without further confrontation.  Shepard Declaration, Exhibit 1.

Similarly, on August 14, 2023, Amiri aggressively approached two unmarked FBI vehicles that were being used to conduct surveillance near his residence. Shepard Declaration, Exhibit 2, Declaration of Jessica Duston. While in his own vehicle, Amiri drove at a "high rate of speed" and then "stopped abruptly" near each of the FBI's vehicles in succession. Shepard Declaration, Exhibit 2. Based on the nature of Amiri's approach, Special Agent Duston "feared a confrontation." Shepard Declaration, Exhibit 2.

Finally, following his arrest in this case, on August 25, 2023, Amiri was involved in an incident at the Municipal Pooling Authority (MPA) in Walnut Creek in which the police were called to respond. According to alerts contemporaneously emailed to MPA staff, Amiri was "appear[ed] to be unstable" and "left everyone feeling uneasy." Shepard Declaration, Exhibit 3 at US-UOF-010115. Amiri was "apparently peeking into the windows trying to see if someone [was] in the office." Shepard Declaration, Exhibit 3 at US-UOF-010115. Amiri "bang[ed] on the door" and "got louder and louder." Shepard Declaration, Exhibit 4 at US-UOF-010111. The MPA staff ultimately called the Walnut Creek Police because Amiri "wouldn't leave" while he "ha[d] no business being on [the] premises." Shepard Declaration, Exhibit 4 at US-UOF-010111*-114. By the time police arrived, Amiri had left. Shepard Declaration, Exhibit 4 at US-UOF-010111.

These examples all demonstrate—further to the crime of violence for which Amiri has been convicted—that Amiri continues to pose a risk of danger to the community. That risk is only exacerbated now that Amiri has been convicted of multiple felonies and faces the certainty of punishment for his offenses.

D. *There are no exceptional circumstances that warrant release*.

Even if Amiri were able to satisfy the requirements of 18 U.S.C. § 3143, this Court must order him detained unless "it is clearly shown that there are exceptional reasons why [his] detention would not be appropriate." 18 U.S.C. § 3145. "Congress has declared that *all* persons who are found guilty of crimes of violence must be detained—even though they individually pose no risk of flight or danger to the community and despite the fact that they may raise substantial issues on appeal—unless they clearly show 'exceptional reasons' why detention is not appropriate." *United States v. Koon*, 6 F.3d 561, 562 (9th Cir. 1993) (Rymer, J., concurring).

Whether "exceptional reasons" exist must be determined on a case-by-case-basis. A district court "should examine the totality of the circumstances and, on the basis of that examination, determine whether, due to any truly unusual factors or combination of factors (bearing in mind the congressional policy that offenders who have committed crimes of violence should not, except in exceptional cases, be released pending appeal) it would be unreasonable to incarcerate the defendant prior to the appellate court's resolution of his appeal." *United States v. Garcia*, 340 F.3d 1013, 1018 (9th Cir. 2003).

"Hardships that commonly result from imprisonment do not meet the standard." *Id.* at 1022. This is so because "[t]he general rule must remain that conviction for a covered offense entails immediate incarceration." *Id.* Accordingly, courts have repeatedly rejected the idea that a defendant's family circumstances—or even his compliance with pretrial conditions of release or lack of criminal history—entitle him release under 18 U.S.C. § 3145. *See e.g.*, *United States v. Larue*, 478 F.3d 924 (8th Cir. 2007) (compliance with pre-trial release, lack of criminal record, payment of child support, and on-going employment did not constitute exceptional reasons); *United States v. Lea*, 360 F.3d 401, 403-404 (2d Cir. 2004) ("[T]here is nothing exceptional about going to school, being employed, or being a first-time offender, either separately or in combination[.]").

In *Garcia*, the Ninth Circuit proposed the following non-exhaustive list of factors for this Court to consider in its assessment:

- **Whether the defendant's criminal conduct was "aberrational."**

The Ninth Circuit gave the example of a defendant who "led an exemplary life prior to his offense and would be likely to continue to contribute to society significantly if allowed to remain free on

6

bail," who had "no prior history of violence [and who] may have acted violently, but uncharacteristically, in reaction to an unusually provocative circumstance." *Id.* at 1019. Amiri cannot make any such showing here. The jury found that Amiri willfully violated 18 U.S.C. § 242—specifically, that Amiri used force even though he knew that it was unreasonable. In support of that finding, the United States presented significant evidence that Amiri intended to cause harm or injury to the residents of Antioch.[1]

- **The "nature of the violent act itself."**

"For example, if the act was violent, but did not involve any specific intent—or if it did not involve any threat or injury to persons—the district court might find that in some cases the general rule in favor of detention is less likely to be applicable. Similarly, if the act of violence or the circumstances surrounding the act were highly unusual—[] the example of a mercy killing—exceptional reasons might be more likely to exist." *Garcia*, 340 F.3d at 1019. As described above, Amiri's violent act was a willful deprivation of rights using a dangerous weapon that resulted in injuries to the victim. Thus, there is nothing about the act that would justify release.

- **The "length of the prison sentence."**

"[T]he primary purpose of the Mandatory Detention Act—to incapacitate violent people—is only weakly implicated where the sentence imposed is very short, because regardless of whether the defendant is released pending appeal, he will soon be free." *Garcia*, 340 F.3d at 1019. Here, the Sentencing Guidelines call for, and the United States will recommend, a significant custodial sentence. Thus, the length of the sentence does not justify release.

- **Circumstances that would render the hardships of prison unusually harsh for a defendant.**

"A severely ill or injured defendant might have exceptional reasons even if the requisite medical treatment is available in prison." *Garcia*, 340 F.3d at 1019. Amiri has offered no reason that could rise

---

[1] For the same reasons, the fact that Amiri is no longer a police officer also does not offer any justification for release. This is not a case where a defendant committed an act of violence "in reaction to a rare or unexpected circumstance or as a result of some extraordinary happenstance." *Garcia*, 340 F.3d at 1022. To the contrary, the evidence showed that Amiri committed this act of violence because of a "significantly violent nature, thus precluding a finding that [his] conduct was aberrational, and severely weakening [any] contention that he would clearly pose no danger at all to the community." *Id.*

1   to this level.

2   • **The nature of the defendant's arguments on appeal.**

3   The Ninth Circuit referred to circumstances in which a defendant has an "unusually strong

4   chance that the defendant will succeed in obtaining a reversal of his conviction." *Garcia*, 340 F.3d at

5   1020. This could include circumstances where "one or more issues raised on appeal has not previously

6   been decided by the court to which the petitioner will appeal," or "if the appellate issues are highly

7   unusual in other respects." *Id.* at 1020-1021. As described above, there are no highly unusual legal

8   issues that were raised in this case.

9   In short, because there are no "exceptional reasons" that would justify Amiri's release following

10  his conviction for a crime of violence, this Court should order him detained immediately.

11  **IV.   Conclusion**

12  This Court should order Amiri detained pending the imposition of his sentence.

13

14  DATED:  March 17, 2025                         Respectfully submitted,

15                                                 PATRICK D. ROBBINS
16                                                 Acting United States Attorney

17

18                                                     /s/
                                                   _____
                                                   ERIC CHENG
19                                                 AJAY KRISHNAMURTHY
                                                   ALEXANDRA SHEPARD
20                                                 Assistant United States Attorneys

21

22

23

24

25

26

27

28